# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-  Case No. 6:26-mj-1240

**CHRISTOPHER ALEXANDER DELGADO**

## ORDER SETTING CONDITIONS OF RELEASE

**IT IS ORDERED** that the release of the defendant is subject to the following conditions and provisions:

(1) The defendant **must not violate** any federal, state or local law while on release in this case.

(2) The defendant **must cooperate** in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant **must immediately advise** the court, defense counsel and the U.S. Attorney in writing of any change in address and telephone number.

(4) The defendant **must appear** at all proceedings as required and must surrender for service of any sentence imposed as directed. The defendant shall next appear in the United States District Court where the charges are pending, or the United States Courthouse, 401 W. Central Boulevard, Orlando, FL 32801, in the Courtroom directed upon notice.

(5) The defendant **must report** as soon as possible to the Pretrial Services Office any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

## ADDITIONAL CONDITIONS OF RELEASE

In order to reasonably assure the appearance of the defendant and the safety of any person and the community, it is **FURTHER ORDERED** that the release of the defendant is subject to the conditions marked below:

__X__ Defendant shall be subject to Pretrial Services supervision and shall report as directed by the Pretrial Services Office.

__X__ Defendant shall reside at **5271 Isle Worth Country Club Drive Windermere, Florida 34786** and shall not change place of residence without advanced approval from Pretrial Services.

__X_ Defendant shall refrain from having in the defendant's residence, or otherwise in the defendant's possession, any firearm, ammunition, destructive device, or other dangerous weapon. **All firearms removed from the residence by 5:00 pm on Monday, March 2, 2026.**

_____ Defendant shall refrain from the excessive use of alcohol.

_____ Defendant shall refrain from the use of alcohol.

__X__ Defendant shall surrender any passport:

_____ immediately to the Clerk, U.S. District Court; or **(already surrendered)**

___X__ to Clerk, U.S. District Court, by 4:00 p.m. on **2/25/26**

__X___ Defendant shall not obtain a passport or travel documents.

___X_ Defendant's travel and residence restricted to the Middle District of Florida.

_____ Defendant's travel restricted to: _____

_____

_X___ Defendant shall execute an appearance bond binding the defendant to pay the United States the sum of **$_1,000,000.00_____** in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

__X__ Defendant shall execute an agreement to forfeit property to secure the following property: **746 Cavan Drive Apopka, Florida 32703**

_X___ The bond shall be co-signed by_**Andie Delgado**

_____ Defendant shall provide a corporate surety bond guaranteeing payment to the United States the sum of $_____ in the event of a failure to appear as required or to appear for service of any sentence imposed.

2

_____ Defendant shall be placed in the custody of _____,
who shall act as a third-party custodian in this case and who agrees to the following:

(a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____

_____ Defendant shall maintain, actively seek, or commence:

  _____ legitimate, verifiable employment

  _____ an education program

_____ Defendant shall participate in a psychiatric and mental health assessment, evaluation, and treatment, as directed by Pretrial Services, with costs to be borne by the defendant, as determined by Pretrial Services.

_____ Defendant must refrain from any use or possession of a narcotic drug or other controlled substances listed in 21 U.S.C. § 802, unless with prior written approval of the Pretrial Services Officer or as may be lawfully prescribed in writing by a licensed medical practitioner

_____ Defendant shall participate in a program of inpatient or outpatient substance abuse testing, education, and treatment if deemed advisable by Pretrial Services and pay a percentage of the fee, as determined by Pretrial Services.

_____ Defendant shall submit to any method of testing required by Pretrial Services for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and any form of prohibited substance screening or testing.

__X__ Defendant shall refrain from any direct or indirect contact with any victim, witness, or the family of any victim or witness, including specifically: **See page 5**

_____ Defendant shall not possess any identification documents and/or access devices in any name other than the defendant's own.

**_X_** Defendant shall participate in the Location Monitoring program and abide by all the rules of the program and will pay all or part of the costs of the program as directed by Pretrial Services:

    _____ Curfew: You are restricted to your residence every day from:_____to _____or as directed by the Pretrial Services Office.

    **_X_** Home Detention: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the Pretrial Services Office. **You may also leave your residence for your children's educational and sporting activities, so long as you provide Pretrial Services with your schedule for these activities in advance.**

    _____ Home Incarceration: You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the Pretrial Services Office.

Location Monitoring will be performed:

    **_X_** using GPS monitoring equipment.

    _____ using electronic monitoring equipment or other location verification system, at the discretion of Pretrial Services.

_____ Defendant shall not have any contact with minors without a responsible adult present.

_____ Defendant shall not have any contact with minors.

_____ Defendant's residence shall not contain:

    _____ Internet service accessible from inside the residence.

    _____ Any electronic device capable of connecting to the Internet (including, but not limited to any computer, smart phone, hand-held computing device, or gaming console).

    _____ Any medium capable of storing data from the Internet (for example, a flash drive, a compact disc, a floppy disk, and cloud based storage).

    _____ Encrypted data, or any device capable of encrypting data.

_____ Defendant shall not use or possess:

    _____ Any electronic device capable of connecting to the Internet (including, but not limited to any computer, smart phone, hand-held computing device, or gaming console). This prohibition applies to all locations, whether public or private, such as libraries, internet cafes, the defendant's places of employment, educational facilities, or any other third-party locations.

    _____ Any medium capable of storing data from the Internet (for example, a flash drive, a compact disc, a floppy disk, and cloud based storage).

    _____ Encrypted data, or any device capable of encrypting data.

_____ Defendant may use an electronic device and access the Internet at work solely for work-related purposes and shall not access any illegal or prohibited content. Defendant and his employer must permit routine inspection of the electronic device to confirm adherence to this condition. You must inform your employer and any other third party that this condition, including the inspection provision. Pretrial Services must conduct any inspections in a manner no more intrusive than necessary to ensure compliance with this condition.

The following additional conditions also apply:

- Defendant may not open any new bank accounts or lines of credit.
- Defendant may not engage in any financial transactions over $5,000.00 without advanced approval from Pretrial Services.
- Defendant shall not have any direct or indirect contact with any former Directors or former Investors of Goliath Ventures, Inc., with the exception that Defendant may remain in contact with Stephen Davis until March 26, 2026 for the purposes of allowing this person to find new housing. In addition, on or before 5:00 pm on February 25, 2026, counsel for Defendant may send an email to all former Directors and employees of Goliath Ventures, Inc. Other than this email and contact with Stephen Davis, Defendant shall have no direct or indirect contact with the individuals described in this paragraph.
- Defendant agrees to repatriate certain funds from accounts in Dubai, and to turn over certain funds (fiat currency and/or cryptocurrency), jewelry, vehicles, and other tangible assets to the United States via a schedule to be agreed up and filed with the Court by 5:00 pm on Monday, March 2, 2026. The transfer of these funds and assets must be completed no later than April 30, 2026.

5

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

5271 Isleworth Gentry Club Dr.
_____
Address

Windermere, FL 34786        760.780.8178
City and State              Telephone

## DIRECTIONS TO THE UNITED STATES MARSHAL

**X**    The defendant is **ORDERED** released after processing.

____    The United States marshal is **ORDERED** to keep the defendant in custody until notified by the Clerk or Judicial Officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 2/24, 26

Leslie Hoffman Price
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Pretrial Services Office
United States Marshals Service
Counsel of Record
Defendant

7

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

**UNITED STATES OF AMERICA**

**VS.**                                            **CASE NO: 6:26-mj-1240-LHP**

**CHRISTOPHER ALEXANDER DELGADO**

## APPEARANCE BOND

### Defendant's Agreement

I, Christopher Alexander Delgado, (*defendant*), agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:
- ☑ to appear for court proceedings;
- ☑ if convicted, to surrender to serve a sentence that the court may impose; or
- ☑ to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(1)      This is a secured bond of $1,000,000, secured by:

       (a)      the agreement of the defendant and each surety to forfeit the following cash or other property
*(describe the cash or other property, including claims on it – such as a lien, mortgage, or loan – and attach proof of ownership and value):*

            746 Cavan Drive, Apoka, Florida 32703

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.*   I, the defendant – and each surety – declare under penalty of perjury that:

    (1)    all owners of the property securing this appearance bond are included on the bond;
    (2)    the property is not subject to claims, except as described above; and
    (3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.*   I, the defendant – and each surety- have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me.   I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: February 24, 2026

_____
*Defendant's signature*

_Andie Delgado_____
*Surety/property owner – printed name*

_[signature]_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

*CLERK OF COURT*

Date: February 24, 2026

_[signature]_____
Edward Jackson, *Deputy Clerk*

Approved.

Date: February 24, 2026

_Leslie Hoffman Price_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

VS.                                                    CASE NO: 6:26-mj-1240-LHP

**CHRISTOPHER ALEXANDER DELGADO**

---

## WAIVER OF A PRELIMINARY HEARING

I understand that I have been charged with an offense in a criminal complaint filed in this court, or charged with violating the terms of probation or supervised release in a petition filed in this court. A magistrate judge has informed me of my right to a preliminary hearing under Fed.R.Crim.P.5, or to a preliminary hearing under Fed.R.Crim.P.32.1.

I agree to waive my right to a preliminary hearing under Fed.R.Crim.P.5 or Fed.R.Crim.P.32.1.

2/24/26
Date

_[signature]_
Defendant's signature

_[signature]_
Signature of defendant's attorney

110 SE 6th Street Suite 2600
Fort Lauderdale, Florida 33301
Address of defendant's attorney

Sean.shecter@lewisbrisbois.com
E-mail address of defendant's attorney

954-939-3364
Telephone number of defendant's attorney

FAX number of defendant's attorney